11-3812                                                                          BIA
Dong v. Holder                                                       Hladylowycz, IJ
A075 776 847

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of July, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> RICHARD C. WESLEY,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

XING AN DONG, AKA XING EN DONG,
> *Petitioner,*

v.                                                      11-3812
                                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jan Allen Reiner, New York, NY.

FOR RESPONDENT:          Stuart F. Delery, Acting Assistant
                         Attorney General; Blair O'Connor,
                         Assistant Director; R. Alexander
                         Goring, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Xing An Dong, a native and citizen of China, seeks review of an August 25, 2011, reissued decision of the BIA, affirming an Immigration Judge's March 3, 1999 denial of asylum and withholding of removal. *In re Xing An Dong*, No. A075 776 847 (B.I.A. Aug. 25, 2011), *aff'g* No. A075 776 847 (Immig. Ct. N.Y. City Mar. 3, 1999). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Even assuming that Dong was credible, the agency did not err in finding that he failed to demonstrate a well-founded fear of persecution in China. *See Jian Xing Huang v. INS*, 421 F.3d 125, 128-29 (2d Cir. 2005). As the

2

agency reasonably noted, Dong failed to show that any of his neighbors suffered harm for their role in the January 1998 altercation with family planning officers. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Indeed, Dong failed to offer any evidence showing that authorities sought him following the issuance of his summons in April 1998 or had any continued interest in him.

Moreover, the agency did not err in according diminished weight to Dong's summons because it was not authenticated by any means. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). The agency also reasonably concluded that Dong's summons, which merely directed him to report to the local precinct for questioning, was entitled to minimal weight because it did not indicate the purpose of the questioning. *See Jian Xing Huang*, 421 F.3d at 128-29; *Xiao Ji Chen*, 471 F.3d at 329. Under these circumstances, the agency did not err in concluding that Dong failed to establish a well-founded fear of persecution.

As Dong failed to meet his burden for asylum, he necessarily failed to meet the higher burden required to succeed on a claim for withholding of removal. *See Gomez v.*

3

*INS*, 947 F.2d 660, 665 (2d Cir. 1991).  Although Dong also argues that he established his eligibility for relief under the Convention Against Torture ("CAT"), Dong filed his application prior to the effective date of CAT's implementing legislation and did not subsequently assert a claim for CAT relief before the agency.

Because the agency did not err in finding that Dong failed to establish his eligibility for asylum and withholding of removal, we decline to consider his challenges to the agency's alternative basis for denial – that he was not credible.  *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).  Even assuming error in the agency's adverse credibility determination, given the agency's reasonable alternative burden finding, remand of these proceedings would be futile.  *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with

4

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk