Kahyaoglu v. Lynch

BIA
Montante, IJ
A098 220 032

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand fifteen.

PRESENT:
ROBERT A. KATZMANN,
    *Circuit Judge,*
RICHARD C. WESLEY,
DEBRA ANN LIVINGSTON,
    *Circuit Judges.*

_____

HALUK KAHYAOGLU,
    *Petitioner,*

v.                                                    14-2101
                                                      NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:        Dennis Mulligan, New York, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy
                       Assistant Attorney General; Melissa
                       Neiman-Kelting, Senior Litigation
                       Counsel; Lori B. Warlick, Trial
                       Attorney, Office of Immigration

Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Haluk Kahyaoglu, a native and citizen of Turkey, seeks review of a May 23, 2014 decision of the BIA affirming a July 12, 2013 decision of an Immigration Judge ("IJ") denying Kahyaoglu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Haluk Kahyaoglu,* No. A098 220 032 (B.I.A. May 23, 2014), *aff'g* No. A098 220 032 (Immig. Ct. Buffalo July 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

To be eligible for asylum or withholding of removal, an applicant must show that the harm he fears is on account of his race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A); *see also Castro v. Holder*, 597 F.3d 93, 100 (2d Cir. 2010). Before the agency, Kahyaoglu contended that he feared persecution on account of his membership in a particular social group of "witnesses who assisted the United States Government in a criminal investigation and subsequent prosecution of an international Turkish organization that committed illegal activities in the United States." Certified Administrative Record ("CAR") 268. The IJ concluded that Kahyaoglu failed to show that he was a member of that group because he presented no evidence that the Ozbays, against whom he testified, were an "international organization." Substantial evidence supports this finding: Kahyaoglu presented no evidence that the Ozbays' influence extended beyond the family and did not testify that he feared harm from, or had been threatened by, anyone other than Ozbays.

Kahyaoglu contends that a newspaper article and a press release from the U.S. Attorney for the Northern District of New

3

York show that the Ozbays engaged in "organized criminal activity." But the press release and article do not suggest that the Ozbays were part of any criminal organization, either in the United States or Turkey. Accordingly, the IJ reasonably found that Kahyaoglu was not member of his proposed social group.

Before this Court, Kahyaoglu broadens his proposed social group to encompass all "people who have publicly testified against Turkish nationals." Pet'r's Br. 24. Because this claim was not exhausted before the agency, and the Government raises the failure to exhaust, we do not consider it. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 124 (2d Cir. 2007); *cf. Paloka v. Holder*, 762 F.3d 191, 198-99 (2d Cir. 2014) (a refined social group may be considered on appeal if it is a specific and subsidiary subclass to the broader class first proposed).

Kahyaoglu claimed that he would be harmed on account of his political opinion that "helping the U.S government was the right thing to do." CAR at 268. To establish a nexus between potential harm and a political opinion, an applicant must "show, through direct or circumstantial evidence, that the

4

persecutor's motive to persecute arises from the applicant's political belief." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005). Here, as the IJ noted, the evidence showed that Kahyaoglu testified for his own benefit, not based on a political belief that it was the right thing to do. Kahyaoglu did not testify that he had been threatened on account of his political belief, imputed or otherwise. Nor did he present any evidence that the Ozbays imputed pro-United States or anti-Turkey beliefs to him. Instead, he testified that the Ozbays have threatened him and his family in revenge for his testifying against them in their criminal trial. That harm is based on a personal dispute – violence between families – not a fear of being targeted on account of a protected ground. *See Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999). Accordingly, the IJ did not err in finding that Kahyaoglu had not shown that he feared harm on account of his political opinion.

Kahyaoglu also claims that the Turkish government, or Turkish nationalist groups, would single him out as a traitor because he helped the U.S. government by testifying against other Turkish nationals and sought asylum in the United States.

5

The agency did not err in concluding that there was no objective evidence in the record to show that he would be singled out for harm on this basis. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008)(per curiam).

Because Kahyaoglu did not establish a well-founded fear of persecution on account of a protected ground, he is ineligible for asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1231(b)(3)(A); *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010). Furthermore, because that finding is dispositive of his application, we do not address his arguments regarding the timeliness of his asylum application and his credibility. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976)(per curiam).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk