IMMIGRATION AND NATURALIZATION SERVICE *v.*
BAGAMASBAD

No. 75–1666.  Decided November 1, 1976

Per Curiam.

Repondent, an alien who had overstayed her tourist visa by four years, applied to have her status adjusted to that of permanent resident alien pursuant to 8 U. S. C. § 1255 (a). That section authorizes the Attorney General in his discretion to change the status of an alien who is physically present in the United States to that of a permanent resident, but only if, among other things, the alien would be eligible for an immigrant visa and admissible into the United States as a permanent resident.*  The District Director of the Immigration

---

*That section provides:

"The status of an alien, other than an alien crewman, who was inspected and admitted or paroled into the United States *may* be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately

and Naturalization Service (INS) denied respondent's application as a matter of discretion because she had made serious misrepresentations to the United States consul who had issued her visa. For the same reasons, the immigration judge presiding at a later deportation hearing also declined to exercise his discretion in her favor. Neither the District Director nor the immigration judge addressed himself to whether respondent satisfied the specific statutory requirements for permanent residence. The Board of Immigration Appeals affirmed, finding that the circumstances fully supported the discretionary denial of relief and concluding that "the immigration judge could properly pretermit the question of statutory eligibility and deny the application . . . as an exercise of discretion."

A divided Court of Appeals sitting en banc held that although the immigration judge had properly exercised his discretion to deny respondent's application, the statute required the judge to make findings and reach conclusions with respect to respondent's eligibility for admission into this country as a permanent resident. 531 F. 2d 111 (CA3 1976). Disagreeing as we do with the Court of Appeals, we grant the petition for certiorari filed by the INS and the motion by respondent to proceed *in forma pauperis* and reverse the judgment of the Court of Appeals.

As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach. *Hirabayashi* v. *United States*, 320 U. S. 81, 85 (1943); *Silva* v. *Carter*, 326 F. 2d 315 (CA9 1963),

---

available to him at the time his application is approved." (Emphasis added.)

If adjustment of status is denied, and the alien leaves the country, such alien is free to apply to a United States consul in the country to which he or she is deported for an immigrant visa. Title 8 U. S. C. § 1255 (a) was enacted so that such aliens would not inevitably be *required* to leave the country and apply to a United States consul in order to obtain permanent-resident status.

cert. denied, 377 U. S. 917 (1964); *Goon Wing Wah* v. *INS,* 386 F. 2d 292 (CA1 1967); *De Lucia* v. *INS,* 370 F. 2d 305, 308 (CA7 1966), cert. denied, 386 U. S. 912 (1967). Here, it is conceded that respondent's application would have been properly denied whether or not she satisfied the statutory eligibility requirements. In these circumstances, absent an express statutory requirement, we see no reason to depart from the general rule and require the immigration judge to arrive at purely advisory findings and conclusions as to statutory eligibility.

In arriving at its contrary conclusion, the Court of Appeals relied on a dictum in *Jay* v. *Boyd,* 351 U. S. 345 (1956), which involved a similar provision, 8 U. S. C. § 1254 (a), authorizing the Attorney General in his discretion to grant relief from deportation if certain eligibility requirements are met. In the course of affirming the discretionary denial of relief, the Court indicated that the statute entitled the applicant to a ruling on his eligibility. But the statement followed a reference to immigration regulations which then expressly required a determination of eligibility in each case. 351 U. S., at 352–353. These regulations have been superseded, and the regulation applicable to this case has no such requirement. 8 CFR § 242.18 (a) (1976).

The Court of Appeals also thought it advisable to require the making of eligibility findings in 8 U. S. C. § 1255 (a) proceedings to foreclose the possibility that a United States consul to whom an alien might later apply for an immigration visa would mistakenly construe the immigration judge's exercise of discretion as a finding of statutory ineligibility binding on the consul. But the basis for the immigration judge's action must be set forth in writing under 8 CFR § 242.18 (a) (1976). Where, as here, his action is discretionary, it will be clear to any United States consul that no eligibility determination has been made. The consul will be free to give such findings as have been made their appropriate

weight, if any, see *Cartier* v. *Secretary of State,* 165 U. S. App. D. C. 130, 137, 506 F. 2d 191, 198 (1974), cert. denied, 421 U. S. 947 (1975); *Talavera* v. *Pederson,* 334 F. 2d 52, 57 (CA6 1964), and to make his own legal judgment on eligibility.

The judgment of the Court of Appeals is reversed.

*So ordered.*