Maliqi v. Lynch

BIA
Loprest, IJ
A201 105 870

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand sixteen.

PRESENT:
    JOSÉ A. CABRANES,
    ROBERT D. SACK,
    GERARD E. LYNCH,
        *Circuit Judges.*
_____

LIRIDON MALIQI,
        *Petitioner,*

    v.                                          15-167
                                                NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:          Sokol Braha, New York, New York; Adrian Spirollari, Brooklyn, New York.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Jessica E. Burns, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Liridon Maliqi, a native and citizen of Kosovo, seeks review of a December 23, 2014, decision of the BIA affirming a February 11, 2013, decision of an Immigration Judge ("IJ") denying him asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Liridon Maliqi,* No. A201 105 870 (B.I.A. Dec. 23, 2014), *aff'g* No. A201 105 870 (Immig. Ct. N.Y. City Feb. 11, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's and the BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency did not err in finding that Maliqi failed to establish past persecution or a well-founded fear of persecution in Kosovo. Maliqi asserted that a family in Kosovo had threatened his life because they blamed his father for the

2

Serbian military's killing of one of their relatives during the Kosovo war.

A valid past persecution claim can be based on harm other than threats to life or freedom, including non-life-threatening violence and physical abuse, *Beskovic v. Gonzales*, 467 F.3d 223, 226 n.3 (2d Cir. 2006), but the harm must be sufficiently severe, rising above "mere harassment," *Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006). In evaluating a past persecution claim, the agency must consider the harm suffered in the aggregate. *Poradisova v. Gonzales*, 420 F.3d 70, 79-80 (2d Cir. 2005).

The agency did not err in finding that Maliqi's experiences in Kosovo did not constitute persecution. Maliqi's claim of past persecution rested on unfulfilled threats directed at him and his brothers, and an incident after he left Kosovo, in which two unidentified men grabbed and threatened his sister in the family's home. These incidents, even considered cumulatively, did not constitute persecution against Maliqi. *See Ci Pan v. U.S. Att'y General*, 449 F.3d 408, 412-13 (2d Cir. 2006) (recognizing that unfulfilled threats do not amount to persecution); *Tao Jiang v. Gonzales*, 500 F.3d 137, 141 (2d Cir. 2007) (providing that an asylum applicant cannot establish persecution based on harm to a family member unless the

applicant was "within the zone of risk when the family member was harmed, and suffered some continuing hardship after the incident.").

Absent past persecution, an alien may establish eligibility for asylum by demonstrating a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(2). To establish a well-founded fear of persecution, an applicant must show that he subjectively fears persecution and that his fear is objectively reasonable. *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

The agency reasonably determined that Maliqi's fear of persecution in Kosovo was not objectively reasonable. Maliqi and his younger brothers remained unharmed in Kosovo from 2001, when the family who sought revenge first threatened them, until the end of 2010, when Maliqi left Kosovo for the United States. During that time, Maliqi and his brothers lived in the family's home, walked to school daily, and otherwise lived openly without taking any safety precautions other than avoiding the family who sought revenge against them. As Maliqi was able to avoid harm for almost a decade without altering his daily life, the agency did not err in finding that his fear of persecution was not objectively reasonable. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid

support in the record . . . , [an applicant's] fear is speculative at best").

Maliqi argues that the IJ misconstrued the record when he found that Maliqi and his brothers were last threatened in 2005 and that the IJ ignored the assault on his sister in finding that his fear was not objectively reasonable. There is no indication that the IJ ignored this evidence. The IJ correctly noted that the last direct threat to Maliqi (as opposed to word of mouth through his cousin) occurred in 2005. And the IJ acknowledged the assault on Maliqi's sister in 2011, during which two unidentified men accosted her in the family home before fleeing without harming her when her parents returned home. The IJ did not err in concluding that, despite this incident, Maliqi's ability to live unharmed in Kosovo for six years after the last direct threat to him was dispositive of his claim of an objectively reasonable fear of persecution. *See Siewe v. Gonzales*, 480 F.3d 160, 167 (2d Cir. 2007) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous."); *see also Melgar de Torres*, 191 F.3d 307, 313 (2d Cir. 1999).

Alternatively, the IJ reasonably concluded that Maliqi failed to demonstrate a well-founded fear of persecution

5

because he did not establish that the government of Kosovo was unable or unwilling to protect him. *See Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015). Although police were unable to act on the threats Maliqi's family reported in the early 2000s, Maliqi did not demonstrate that the same conditions prevailed at the time of his hearing in 2012. He did not know whether his family reported the assault on his sister in 2011, and the 2010 U.S. State Department Human Rights Report on Kosovo stated that the European Union Rule of Law Mission in Kosovo had deployed police and other resources to assist the government, the Police Inspectorate of Kosovo investigated civilian complaints against the police, and domestic and international human rights groups operated freely in the country. The report gave no indication that police are unable or unwilling to protect citizens in circumstances such as Maliqi's.

Because Maliqi failed to demonstrate a well-founded fear of persecution, the agency did not err in denying him asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). Accordingly, the Court need not consider the agency's alternative determination that Maliqi failed to demonstrate that the harm he fears is on account of a protected ground. *See INS v. Bagamasbad*, 429 U.S. 24, 25

(1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  Petitioner's request for oral argument is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk