NOT FOR PUBLICATION



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EPHRAIM NDEI MUCHIRI, AKA Christian Michael Nduhiu,<br><br>           Petitioner,<br><br>  v.<br><br>JEFFERSON B. SESSIONS III, Attorney General,<br><br>           Respondent. | No.   14-73987<br><br>Agency No. A088-702-157<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 24, 2017**

Before:    THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

Ephraim Ndei Muchiri***, a native and citizen of Kenya, petitions for review

of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     ***   Petitioner has informed the court he has changed his name from Ephraim Ndei Muchiri to Christian Michael Nduhiu.

immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part the petition for review.

Substantial evidence supports the agency's conclusion that petitioner did not establish that his past harm rose to the level of persecution. *See Halim v. Holder*, 590 F.3d 971, 976 (9th Cir. 2009). Substantial evidence supports the agency's conclusion that petitioner failed to establish a well-founded fear of future persecution because he failed to demonstrate it would be unreasonable for him to relocate within Kenya to avoid harm. *See* 8 C.F.R. §§ 1208.13(b)(1)(i)(B); *Gonzalez-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) (upholding BIA's determination that petitioner failed to establish it was unreasonable to relocate within Mexico). Thus, petitioner's asylum claim fails.

In this case, because petitioner failed to establish eligibility for asylum, he failed to satisfy the standard for withholding of removal. *See Zehatye*, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because the record does not compel the conclusion that it is more likely than not that petitioner will be tortured at the instigation of, or with the acquiescence of the

14-73987

government if returned to Kenya. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject petitioner's contention that the BIA erred in declining to address the IJ's nexus finding. *See INS v. Bagamasbad,* 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION FOR REVIEW IS DENIED.**