John DOE, Petitioner,

v.

Jefferson B. SESSIONS III, Attorney General, Respondent.

No. 14-73987

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Submitted October 30, 2017 *

Filed October 30, 2017

Ephraim Ndei Muchiri, Pro Se

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, OIL, John D. Williams, Esquire, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: THOMAS, Chief Judge, and SILVERMAN and RAWLINSON, Circuit Judges.

## ORDER

Although the mandate in this case issued on July 24, 2017, we have now received petitioner's request to seal the case and to eliminate a reference to his name change. We will treat this as a motion to amend the case name to include a pseudonym and to eliminate reference to his name change.

We recall the mandate and grant the unopposed motion to amend the case name to include a pseudonym. Thus, in all places in the caption and in the memorandum disposition where the petitioner's name now appears, the memorandum is hereby amended to substitute "John Doe" for the petitioner's name. We also amend the memorandum to eliminate the reference to petitioner's name change. With those amendments made, the disposition is hereby refiled and the mandate shall reissue immediately.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

## AMENDED MEMORANDUM **

John Doe, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny in part the petition for review.

Substantial evidence supports the agency's conclusion that petitioner did not establish that his past harm rose to the level of persecution. See Halim v. Holder, 590 F.3d 971, 976 (9th Cir. 2009). Substantial evidence supports the agency's conclusion that petitioner failed to establish a well-founded fear of future persecution because he failed to demonstrate it would be unreasonable for him to relocate within Kenya to avoid harm. See 8 C.F.R. §§ 1208.13(b)(1)(i)(B); Gonzalez-Medina v. Holder, 641 F.3d 333, 338 (9th Cir. 2011) (upholding BIA's determination that petitioner failed to establish it was unreasonable to relocate within Mexico). Thus, petitioner's asylum claim fails.

In this case, because petitioner failed to establish eligibility for asylum, he failed to satisfy the standard for withholding of removal. See Zehatye, 453 F.3d at 1190.

Substantial evidence also supports the agency's denial of CAT relief because the record does not compel the conclusion that it is more likely than not that petitioner will be tortured at the instigation of, or with the acquiescence of the government if

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

returned to Kenya. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, we reject petitioner's contention that the BIA erred in declining to address the IJ's nexus finding. *See INS v. Bagamasbad*, 429 U.S. 24, 25, 97 S.Ct. 200, 50 L.Ed.2d 190 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

**PETITION FOR REVIEW IS DE-NIED.**

---

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.