Buestan-Tenecora v. Sessions

BIA
Nelson, IJ
A205 480 111

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand seventeen.

PRESENT:
> JOSÉ A. CABRANES,
> DEBRA ANN LIVINGSTON,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

LAURA INES BUESTAN-TENECORA,
> *Petitioner,*

v.

JEFFERSON B. SESSIONS III, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

16-891

NAC

_____

FOR PETITIONER: Manuel D. Gomez, Manuel D. Gomez & Associates, P.C., New York, NY.

FOR RESPONDENT: Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Kiley Kane, Senior

Litigation Counsel; Sergio Sarkany, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Laura Ines Buestan-Tenecora, a native and citizen of Ecuador, seeks review of a February 24, 2016, decision of the BIA affirming a September 11, 2014, decision of an Immigration Judge ("IJ") denying Buestan-Tenecora's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Laura Ines Buestan-Tenecora,* No. A205 480 111 (B.I.A. Feb. 24, 2016), *aff'g* No. A205 480 111 (Immig. Ct. N.Y. City Sept. 11, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

An asylum applicant bears the burden of establishing that she suffered past persecution or has a well-founded fear of future persecution in the country of removal on account of a protected ground.  8 U.S.C. § 1101(a)(42); *Mei Fun Wong v. Holder*, 633 F.3d 64, 68 (2d Cir. 2011).  To establish a well-founded fear of persecution, an applicant must show that she subjectively fears persecution and that this fear is objectively reasonable.  *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).  "In the absence of solid support in the record," a fear of persecution is not well founded and "is speculative at best."  *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005).

The governing REAL ID Act corroboration standard provides as follows:

> The testimony of the applicant *may* be sufficient to sustain the applicant's burden without corroboration, *but only if* the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee. . . .  Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, *such evidence must be provided* unless the applicant does not have the evidence and cannot reasonably obtain the evidence.

8 U.S.C. § 1158(b)(1)(B)(ii) (emphasis added).

3

The Government is correct that Buestan-Tenecora has waived review of the agency's corroboration finding by failing to challenge it in her brief. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal."). Moreover, this waiver extends both to past persecution and to Buestan-Tenecora's fear of future persecution because the agency found that she failed to corroborate either basis for relief. In addition to finding that Buestan-Tenecora failed to produce any letters or affidavits from her daughter (who witnessed the abuse) or her mother (who saw the resulting injuries), the agency found that she failed to present statements from the family members who reported that her abuser continues to seek her out. To the extent that Buestan-Tenecora asserts that the agency was required to accept as undisputed fact all events to which she testified because she was found credible, she is incorrect. The IJ did not err in requiring Buestan-Tenecora to provide corroboration because her testimony concerning her abuser's continued interest in her was not based on firsthand information and therefore did not "refer[] to specific facts sufficient to demonstrate that the [she] is a

4

refugee."  8 U.S.C. § 1158(b)(1)(B)(ii); *Jian Xing Huang*, 421 F.3d at 129.

Moreover, even if Buestan-Tenecora had challenged the agency's corroboration finding, we would find no error in the agency's ruling.  Buestan-Tenecora failed to submit statements from her daughter, mother, or family in Ecuador, and did not identify any reason why that evidence was unavailable.  8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . [unless] a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").  Indeed, despite compiling new evidence for her motion to remand, Buestan-Tenecora neither included statements from her daughter, mother, or family in Ecuador, nor attempted to explain their absence.

We deny the petition because Buestan-Tenecora does not challenge the agency's dispositive corroboration findings.  Accordingly, we do not reach the agency's alternative bases for denying relief.  *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk