Thaqi v. Barr

BIA
A076 993 946/947/948/949

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17ᵗʰ day of August, two thousand twenty.

PRESENT:
> DENNIS JACOBS,
> ROSEMARY S. POOLER,
> DENNY CHIN,
> *Circuit Judges.*

_____

MIRADIJE THAQI, AKA MICHELA MARIA ANNA NICORA, ANTON THAQI, AKA LUCAS PETER RIEDER, D.R.T., D.O.T.,
> *Petitioners,*

v.                                          18-1179
                                            NAC

WILLIAM P. BARR, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:        Gregory Marotta, Vernon, NJ.

FOR RESPONDENT:        Joseph H. Hunt, Assistant
                       Attorney General; Jessica E.
                       Burns, Claire L. Workman, Senior
                       Litigation Counsel, Office of
                       Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Miradije Thaqi, Anton Thaqi, D.R.T., and D.O.T., natives of the former Yugoslavia and citizens of Kosovo, seek review of an April 6, 2018, decision of the BIA denying their motion to reopen. *In re Miradije Thaqi, Anton Thaqi, D.R.T., D.O.T.,* Nos. A076 993 946/947/948/949 (B.I.A. Apr. 6, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

The applicable standards of review are well established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In their motion to reopen, Petitioners asserted that conditions for Catholics had worsened in Kosovo due to a rise in Islamic extremism, and that these changed conditions excused the untimeliness of their motion and demonstrated their prima facie eligibility for asylum, withholding of removal, and relief under the Convention Against Torture

2

based on their Catholic faith.

It is undisputed that Petitioners' 2017 motion was untimely because it was filed 14 years after their removal order became final in 2003. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is, however, an exception to the time limits if the movant seeks asylum and the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not err in finding that Petitioners failed to establish a material change in conditions in Kosovo.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the BIA found, Petitioners failed to submit evidence from

3

the time of their hearing so as to establish a baseline for determining whether conditions had changed. Further, contrary to Petitioners' argument, the BIA explicitly considered their expert's report and reasonably found that it did not establish a material change in conditions because although it stated that there had been a rise in Islamic extremism in Kosovo, it did not discuss any incidents of Muslims attacking Catholics. Further, the country conditions evidence discusses Albanian Muslims mistreating Serbian Orthodox Christians, but it does not discuss the mistreatment of Albanian Catholics, such as Petitioners. Finally, affidavits from Petitioners' relatives do not describe a change in conditions in Kosovo.

Accordingly, the BIA reasonably concluded that Petitioners failed to demonstrate a material change in conditions in Kosovo, and thus it did not abuse its discretion in denying their motion as untimely. *See* 8 U.S.C. § 1229a(c)(7)(C). Because the denial of their motion as untimely is dispositive, we do not reach the BIA's alternative basis for denying their motion; i.e., their failure to establish their prima facie eligibility for relief. *See INS*

*v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Petitioners' argument that the agency lacked jurisdiction over their removal proceedings because their notices to appear did not include hearing dates is foreclosed by *Banegas Gomez v. Barr*, 922 F.3d 101, 110–12 (2d Cir. 2019), given that they received notice of their hearings at which they appeared.

For the foregoing reasons, the petition for review is DENIED. Petitioners' motion for a stay of removal, filed October 29, 2018, is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

5