NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JAN 20 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANKLIN HERNANDEZ GONZALEZ, | No.    18-72231 |
| Petitioner, | Agency No. A094-292-595 |
| v. | |
| JEFFREY A. ROSEN, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the Board of Immigration Appeals

Submitted January 15, 2021[**]
Pasadena, California

Before:  FRIEDLAND and BENNETT, Circuit Judges, and BLOCK,[***] District Judge.

Petitioner Franklin Hernandez Gonzalez, a native and citizen of Honduras,

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Frederic Block, United States District Judge for the Eastern District of New York, sitting by designation.

seeks review of the Board of Immigration Appeals' ("BIA") decision denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

The BIA declined to reach the substance of Hernandez Gonzalez's asylum and withholding claims after finding his knowing transport of guns and drugs triggered the serious nonpolitical crime bar. *See* 8 U.S.C. § 1158(b)(2)(A)(iii) (ineligibility for relief where "there are serious reasons for believing that the alien has committed a serious nonpolitical crime outside the United States prior to the arrival of the alien in the United States").

Hernandez Gonzalez raises three arguments in response. First, he argues that we should balance the nature of his offense against the degree of persecution he fears based on the United Nations High Commissioner for Refugees, Handbook on Procedures and Criteria for Determining Refugee Status. However, the United States Supreme Court has rejected Hernandez Gonzalez's proposed balancing test, and his argument therefore lacks merit. *See INS v. Aguirre-Aguirre*, 526 U.S. 415, 427-28 (1999) (holding UN handbook "is not binding on the Attorney General, the BIA, or United States courts" and deferring to the BIA's determination that the statute in question "require[d] no additional balancing of the risk of persecution").

Second, Hernandez Gonzalez argues that he was under duress at the time he committed serious nonpolitical crimes. The BIA did not err in concluding that

2

Hernandez Gonzalez's claim fails due to his inability to establish an immediate threat and because he could have escaped the threatened harm during the months-long period in question. *See United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008); *United States v. Moreno*, 102 F.3d 994, 997 (9th Cir. 1996).

Third, notwithstanding the serious nonpolitical crime bar, Hernandez Gonzalez argues due process requires that his application be reviewed on the merits. This argument lacks merit because "courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam); *see also Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004).

Finally, the BIA did not err in denying Hernandez Gonzalez's application for protection under the CAT. "A petitioner seeking CAT relief must show that it is more likely than not that he will be tortured upon removal, and that the torture will be inflicted at the instigation of, or with the consent or acquiescence of, the government." *Arteaga v. Mukasey*, 511 F.3d 940, 948 (9th Cir. 2007). Hernandez Gonzalez's claim fails because he has not demonstrated that he was tortured in the past, or that there is a direct connection between his allegations and the prospect of future torture carried out with the consent or acquiescence of the Honduran government.

**PETITION DENIED.**

3