# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 2, 2022

Lyle W. Cayce
Clerk

No. 21-60604
Summary Calendar

Awdrey Jamileth Martinez-Hernandez,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A208 778 063

Before Southwick, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:*

Awdrey Jamileth Martinez-Hernandez, a native and citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals ("BIA"). The BIA dismissed her appeal from a decision of the Immigration Judge ("IJ") concluding that she was ineligible for asylum,

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60604

withholding of removal, and relief under the Convention Against Torture ("CAT"). She challenges the BIA's conclusions that she has not shown eligibility for asylum and withholding of removal because she failed to provide reasonably available corroborating evidence, show past persecution or a well-founded fear of future persecution, establish membership in a particular social group, show that the Government is unable or unwilling to protect her, and show that she could not reasonably relocate within Honduras. She also challenges the BIA's conclusion that she had not shown eligibility for CAT relief. These arguments are reviewed under the substantial evidence standard. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). Additionally, we review the decision of the BIA and consider the IJ's decision only insofar as it influenced the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

Martinez-Hernandez has not shown that substantial evidence compels a conclusion contrary to that of the BIA on the issue whether she showed past persecution or a well-founded fear of future persecution or showed that future persecution is more likely than not. *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992); *Zhang*, 432 F.3d at 344. Accordingly, we need not consider her remaining arguments related to the BIA's ruling as to her asylum and withholding claims. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam); *see also Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002). Finally, we are not compelled to find that Martinez-Hernandez will more likely than not be tortured if repatriated because the record primarily reflects general conditions of danger and the specific harm described does not qualify as persecution and thus cannot qualify as torture. *See Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019).

The petition for review is DENIED.