# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2022

Lyle W. Cayce
Clerk

No. 21-60694
Summary Calendar

———————

Mayra Ivette Quintanilla-Lizano,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

---

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A216 617 043

---

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Mayra Ivette Quintanilla-Lizano, a native and citizen of El Salvador, timely petitions us for review of a decision of the Board of Immigration Appeals upholding the denial of her removal relief. She argues that the Board

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

should not have dismissed her proposed social groups, that it misapplied its own precedent, and that country conditions prove she will be tortured.

When reviewing a Board of Immigration Appeals decision, we review factual findings for substantial evidence and questions of law de novo. *Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). The substantial-evidence standard applies to review of decisions denying asylum, withholding of removal, and relief under the Convention Against Torture. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005). This standard requires that the BIA's conclusion be based on the evidence presented and that its decision be substantially reasonable. *Id.* Under this standard, reversal is improper unless the evidence compels a contrary conclusion. *Carbajal-Gonzalez v. INS*, 78 F.3d 194, 197 (5th Cir. 1996).

We are not compelled to find that the Board's opinion is incorrect. The proposed groups required for the asylum claim were found by the Immigration Judge and Board to be either insufficiently particularized, insufficiently socially distinct, or lacking a nexus to persecution. This conclusion is substantially reasonable, and the absence of any of those three requirements is dispositive. *Jaco v. Garland*, 24 F.4th 395, 403 (5th Cir. 2021) (stating that a cognizable particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question," and that "there must be a nexus between the particular social group and its persecution"); *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 241 (BIA 2014). Without these elements the asylum claims fail and so analysis of the other elements is unnecessary. *INS v. Bagamasbad*, 429 U.S. 24, 25-26 (1976).

No. 21-60694

We are not compelled to find that Quintanilla-Lizano has proven that she will, more likely than not, be tortured upon removal. *Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019).

The petition for review is DENIED. The motion to remand is DENIED.