# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2843
_____

Santos Jeovany Munguia

*Petitioner*

v.

Merrick B. Garland, Attorney General of the United States

*Respondent*
_____

Petition for Review of an Order of the
Board of Immigration Appeals
_____

Submitted: September 28, 2022
Filed: October 13, 2022
[Unpublished]
_____

Before SHEPHERD, ERICKSON, and STRAS, Circuit Judges.
_____

PER CURIAM.

Honduran citizen Santos Jeovany Munguia petitions for review of an order of
the Board of Immigration Appeals (BIA). The BIA dismissed his appeal from an

immigration judge's decision denying him asylum, withholding of removal, and voluntary departure.[1]

Munguia has waived review of his asylum and withholding of removal claims because he does not challenge the BIA's independently dispositive adverse credibility and nexus determinations. See Ngugi v. Lynch, 826 F.3d 1132, 1137 n.2, 1139 n.3 (8th Cir. 2016); see also Kegeh v. Sessions, 865 F.3d 990, 997 (8th Cir. 2017); Baltti v. Sessions, 878 F.3d 240, 245 (8th Cir. 2017) (per curiam). Even if he had, substantial evidence supports those determinations. See Kegeh, 865 F.3d at 995-97; Silvestre-Giron v. Barr, 949 F.3d 1114, 1118-19, 1118 n.2, 1119 n.3 (8th Cir. 2020). As a result, we do not reach Munguia's argument on whether he established a well-founded fear of persecution, an issue the BIA neither addressed, nor needed to, based on its credibility and nexus determinations. See INS v. Bagamasbad, 429 U.S. 24, 25 (1976) (per curiam); Silvestre-Giron v. Barr, 949 F.3d at 1117. We also will not consider Munguia's argument, raised for the first time in his petition, that he is now eligible for voluntary departure based on Niz-Chavez v. Garland, 141 S. Ct. 1474 (2021). Because he did not challenge the denial of voluntary departure on appeal to the BIA or otherwise raise that legal theory to the BIA, his argument is unexhausted. See Bakor v. Barr, 958 F.3d 732, 739 (8th Cir. 2020), cert. denied sub nom. Bakor v. Garland, 141 S. Ct. 2566 (2021).

Accordingly, we deny the petition for review. See 8th Cir. R. 47B.

_____

[1]Because Munguia does not challenge the agency's denial of his requests for termination of the proceedings, humanitarian asylum, and protection under the Convention Against Torture, he has waived review of those claims. See Chay-Velasquez v. Ashcroft, 367 F.3d 751, 756 (8th Cir. 2004).