Ramirez v. Garland

BIA
Auh, IJ
A044 128 896

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of April, two thousand twenty-three.

PRESENT:
> JOHN M. WALKER, JR.,
> RAYMOND J. LOHIER, JR.,
> MYRNA PÉREZ,
> *Circuit Judges.*

_____

ROBINSON RAMIREZ,
> *Petitioner,*

v.                                        20-1753
                                          NAC
MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:            Rohmah A. Javed, Karen L. Murtagh, Prisoners' Legal Services of New York, Albany, NY.

FOR RESPONDENT:            Brian Boynton, Acting Assistant Attorney General; Kiley Kane, Senior Litigation Counsel; Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, United

States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Robinson Ramirez, a native and citizen of the Dominican Republic, seeks review of a May 6, 2020 decision of the BIA affirming a December 6, 2019 decision of an Immigration Judge ("IJ"), which denied protection under the Convention Against Torture ("CAT"). *In re Robinson Ramirez*, No. A044 128 896 (B.I.A. May 6, 2020), *aff'g* No. A044 128 896 (Immig. Ct. Fishkill Dec. 6, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review Ramirez's factual challenges to the denial of CAT relief under "the substantial-evidence standard." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

With these standards in mind, we conclude that the agency did not err in finding that Ramirez failed to establish a likelihood of torture in the Dominican Republic.

An applicant for CAT protection has the burden to establish that he would "more likely than not" be tortured by or with the acquiescence of government officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a)(1); *Khouzam v. Ashcroft*, 361 F.3d 161, 170-71 (2d Cir. 2004). In assessing whether an applicant has satisfied his burden of proof, the agency must consider "all evidence relevant to the possibility of future torture," including evidence of past torture. 8 C.F.R. § 1208.16(c)(3). "[A]n alien will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *In re J-F-F-*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006)). "A *private* actor's behavior can constitute torture under the CAT without a government's specific intent to inflict it if a government

3

official is aware of the persecutor's conduct and intent and acquiesces in violation of the official's duty to intervene." *Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007); *see also Garcia-Aranda v. Garland*, 53 F.4th 752, 759 (2d Cir. 2022).

We find no error in the agency's determination that Ramirez did not suffer torture when he was abused by a private actor as a child. The agency acknowledged that Ramirez was not required to report the abuse to police to establish acquiescence. But in determining that there was no evidence of government acquiescence, the agency was entitled to consider the fact that Ramirez had not reported the abuse to police. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593 (2d Cir. 2021) (holding that "failure to ask for police help is not enough, by itself, to preclude a finding of acquiescence," but that the agency was not compelled to find acquiescence where petitioner gave police wrong information and country conditions evidence showed efforts to combat gang violence); *see also Pierre*, 502 F.3d at 118.

Further, the agency reasonably found that Ramirez failed to show a likelihood of torture as an imprisoned or institutionalized mentally ill, criminal deportee in the

4

Dominican Republic. Ramirez remained employed while unmedicated for decades in the United States and he does not have a history of violence, so we see no error in the agency's conclusion that he failed to establish that he will likely come to the attention of police based on his mental health issues even if he cannot obtain medication. *See Savchuck*, 518 F.3d at 123. The agency also reasonably found that limitations on mental health care in the Dominican Republic, as well as harsh conditions and lack of adequate medical care in prisons, are due to a lack of resources rather than a specific intent to torture those suffering from mental health issues. *See id.; see also Pierre*, 502 F.3d at 121 ("The failure to maintain standards of diet, hygiene, and living space in prison does not constitute torture under the CAT unless the deficits are sufficiently extreme and are inflicted intentionally rather than as a result of poverty, neglect, or incompetence."). We find no merit in Ramirez's argument that the IJ ignored his fear of torture based on the nature of his past abuse or conviction, or that the BIA improperly considered those bases in the first instance. The IJ found that Ramirez's failure to establish a likelihood of being imprisoned was dispositive of his fear of torture due

5

to the nature of his conviction and also found that he did not inform anyone in the Dominican Republic of the abuse he suffered. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Because Ramirez failed to establish that he was likely to be singled out for detention or hospitalization or that anyone would specifically intend to torture him, the agency did not err in finding that he failed to satisfy his burden of proof for CAT relief. *See Savchuck*, 518 F.3d at 123; *Pierre*, 502 F.3d at 121.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6