22-6251
Ruiz Garcia v. Garland

BIA
Christensen, IJ
A210 212 584

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of September, two thousand twenty-four.

PRESENT:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MARTIN RUIZ GARCIA,
> *Petitioner,*

v.                                                        **22-6251**
                                                         **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:               Cory Forman, Cohen Forman Barone, LLP, New York, NY.

**FOR RESPONDENT:**　　　　　Brian Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Leslie McKay, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Martin Ruiz Garcia, a native and citizen of Mexico, seeks review of an April 29, 2022 decision of the BIA affirming a May 13, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Martin Ruiz Garcia,* No. A210 212 584 (B.I.A. Apr. 29, 2022), *aff'g* No. A210 212 584 (Immigr. Ct. N.Y. City May 13, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's and the BIA's opinions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). "We review the agency's factual findings . . . for substantial evidence" and "[w]e review the agency's legal conclusions *de novo*." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 141 (2d Cir. 2008). "[T]he administrative findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The agency did not err in finding that Ruiz Garcia failed to establish his eligibility for asylum, withholding of removal, or CAT relief based on his fear that members of his community in Mexico will harm him based on his child-endangerment conviction in the United States and that cartels will kidnap him for ransom as a returnee who lived in the United States.

Absent past persecution, an applicant may establish eligibility for asylum by demonstrating a well-founded fear of future persecution, *see* 8 C.F.R. § 1208.13(b)(2), "which requires that the alien present credible testimony that he subjectively fears persecution and establish that his fear is objectively reasonable," *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). The agency did not err in finding speculative Ruiz Garcia's fear that his community in Mexico would kill him on account of a New York conviction for child endangerment because the evidence did not establish that he is at risk of such harm. *See Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best."). Ruiz Garcia primarily testified that his conviction would politically hurt his brother, who is mayor of a

3

small town, and asserted only a generalized fear that his community would kill him when asked to specify what fear he had for himself. His evidence states that vigilante groups have emerged in certain areas of Mexico to protect against organized criminal groups suspected of criminal activity and kidnappings within communities, but it does not discuss vigilante violence directed at those, like Ruiz Garcia, who have been convicted of crimes outside of Mexico.

The agency also did not err in finding that Ruiz Garcia failed to establish a well-founded fear that criminal cartels would kidnap him on account of his status as a returnee from the United States. *See id.*; *Ramsameachire*, 357 F.3d at 178. Ruiz Garcia's evidence states that returnees face institutional discrimination and can be stigmatized as criminals, but the agency reasonably noted that the evidence does not indicate that returnees are kidnapped at a greater rate than the general population and that the general rate of "2.4 kidnapping cases per 100,000 inhabitants," Certified Administrative Record at 644, is insufficient to establish a reasonable possibility that Ruiz Garcia will face kidnapping. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157 (2d Cir. 2008) (recognizing that a "reasonable possibility of persecution c[an] be sufficient to support a well-founded fear" and noting that the Supreme Court has "cited approvingly to a one-in-ten example of persecution

4

to illustrate the sort of reasonable possibility that would demonstrate a well-founded fear" (quotation marks omitted)); *Melgar de Torres v. Reno*, 191 F.3d 307, 314 n.3 (2d Cir. 1999) ("General violence in [a country] does not constitute persecution, nor can it form a basis for petitioner's well-founded fear of persecution.").

Ruiz Garcia's failure to establish a well-founded fear of persecution was dispositive of asylum, withholding of removal, and CAT relief. *See Lecaj v. Holder*, 616 F.3d 111, 119–20 (2d Cir. 2010) (explaining that when an applicant "fails to demonstrate the . . . chance of persecution required for the grant of asylum, he necessarily fails to demonstrate the clear probability of future persecution required for withholding of removal, and the more likely than not to be tortured standard required for CAT relief") (quotation marks and citations omitted). Therefore, we do not reach the agency's alternative bases for denying relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court