**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

OCT 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE HUMBERTO CARDENAS-ALDANA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-1245 <br><br> Agency No. <br> A099-836-148 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Department of Homeland Security

Submitted September 13, 2024[**]
Phoenix, Arizona

Before: RAWLINSON and COLLINS, Circuit Judges, and FITZWATER, District
    Judge [***]

Jose Humberto Cardenas-Aldana (Cardenas-Aldana), a native and citizen of

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]    The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

Mexico, petitions for review of an Immigration Judge's (IJ) decision upholding the negative reasonable fear determination rendered by the Department of Homeland Security (DHS). We have jurisdiction under 8 U.S.C. § 1252 and we deny the petition for review.

Following a negative reasonable fear determination, we review for substantial evidence whether a non-citizen failed to "establish a reasonable fear of persecution or torture." *Orozco-Lopez v. Garland*, 11 F.4th 764, 774 (9th Cir. 2021) (citation omitted).

Substantial evidence supports the determination that Cardenas-Aldana failed to establish a reasonable fear of persecution or torture.

> [A non-citizen] shall be determined to have a reasonable fear of persecution or torture if the [non-citizen] establishes a reasonable possibility that he or she would be persecuted on account of his or her race, religion, nationality, membership in a particular social group or political opinion, or a reasonable possibility that he or she would be tortured in the country of removal. . . .

*Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016), *as amended* (citations omitted).

**1.** The fact that Cardenas-Aldana was the victim of a robbery does not alone establish a reasonable possibility of persecution on account of a protected ground. Cardenas-Aldana stated that he did not know who robbed him, and that they left after the robbery. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1014 (9th Cir.

2

2023) ("[F]ear of generalized crime is not a sufficient basis for . . . withholding of removal[.]").

**2.** Cardenas-Aldana's assertions about being an informant do not establish a reasonable fear of future persecution on account of a protected ground. *See Andrade-Garcia*, 828 F.3d at 836. Cardenas-Aldana was unable to identify the organization that he asserted might target him for persecution.

**3.** Finally, substantial evidence supports the determination that Cardenas-Aldana failed to demonstrate that he would be tortured with the acquiescence of a public official. *See id.*[1]

**PETITION DENIED.**[2]

---

[1] We do not address the adverse credibility determination because, even if Cardenas-Aldana testified credibly, the outcome would not change. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach. . . .") (citations omitted).

[2] The temporary stay of removal shall remain in place until the mandate issues. The motion to stay removal, Dkt. 3, is otherwise denied. Judge Collins would deny the stay motion forthwith.

3                                                                 23-1245