# United States Court of Appeals
# for the Fifth Circuit

———————

No. 25-60373
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 9, 2026

Lyle W. Cayce
Clerk

Elias Ezequiel Obando-Loaisiga,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A212 989 546

———————————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:[*]

Elias Ezequiel Obando-Loaisiga, a native and citizen of Nicaragua, petitions this court for review of an order of the Board of Immigration Appeals (BIA) dismissing his appeal from an order of an Immigration Judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT) after finding him

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60373

not credible. Because the BIA's credibility determination is reviewed for substantial evidence, we will not disturb it unless the evidence "compels" a contrary conclusion.[1]

Obando-Loaisiga argues that the BIA erred in affirming the IJ's credibility determination, urging that the IJ failed to account for the totality-of-the-circumstances standard set forth by us in cases such as *Wang v. Holder*.[2] However, Obando-Loaisiga conceded there were "significant differences" between his testimony during the hearing and during his credible-fear interview about matters central to his claim. With that concession, and because the IJ was free to rely on any inconsistency in the record, Obando-Loaisiga has not shown that the evidence compels a contrary conclusion on credibility. That alone suffices to deny the petition for review as to his claims for asylum and withholding.[3] We need not consider his arguments concerning the merits of these claims.[4]

Likewise, we review Obando-Loaisiga's challenge to the denial of CAT protection for substantial evidence.[5] This challenge fails because he relies only upon his own, non-credible testimony and general country-conditions evidence to show that he will be singled out for torture.[6]

The petition for review is DENIED.

---

[1] *Singh v. Sessions*, 880 F.3d 220, 224–25 (5th Cir. 2018).

[2] 569 F.3d 531, 538 (5th Cir. 2009).

[3] *See Arulnanthy v. Garland*, 17 F.4th 586, 597 (5th Cir. 2021); *Avelar-Oliva v. Barr*, 954 F.3d 757, 764, 767 (5th Cir. 2020); *Dayo v. Holder*, 687 F.3d 653, 658–59 (5th Cir. 2012).

[4] *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).

[5] *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

[6] *See Qorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019).