**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OSNY LUBIN, AKA Assale Tomoko,<br><br>Petitioner,<br><br>v.<br><br>MERRICK GARLAND, Attorney General,<br><br>Respondent. | No.   19-72764<br><br>Agency No. A209-168-618<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 5, 2021[**]
Pasadena, California

Before:  SILER,[***] HURWITZ, and COLLINS, Circuit Judges.

Osny Lubin, a native and citizen of Haiti, petitions for review of a decision of

the Board of Immigration Appeals ("BIA") dismissing his appeal from an order of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

an Immigration Judge ("IJ") denying applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We deny the petition.

1.      Substantial evidence supports the BIA's determination that Lubin failed to establish eligibility for asylum and withholding of removal because the "totality of the circumstances" showed he lacked credibility. *Iman v. Barr*, 972 F.3d 1058, 1062, 1064–65 (9th Cir. 2020). Lubin claimed to be the victim of two 2013 attacks that caused him to leave Haiti for Brazil. He claimed to have left Brazil for the United States after his cousin was shot and he experienced discrimination. The BIA discerned no clear error in the IJ's determination that Lubin was not credible. The BIA noted multiple discrepancies between Lubin's testimony, declaration, and sworn statement to a Customs and Border Patrol officer. These included inconsistencies regarding the circumstances surrounding the first attack, including whether Lubin's attackers were armed and whether he was taken to the hospital following the incident; whether the attacks were related to a land dispute; Lubin's reasons for coming to the United States; and whether Lubin feared returning to Haiti. A reasonable adjudicator would not be compelled to conclude that Lubin is credible. *See* 8 U.S.C. § 1252(b)(4)(B). Absent the discredited testimony, Lubin cannot meet his burden of establishing past persecution or a well-founded fear of

future persecution on a protected ground, and his asylum and withholding claims fail. *See Rizk v. Holder*, 629 F.3d 1083, 1091 (9th Cir. 2011).

2. Having found Lubin not credible, the BIA was not obligated to address his arguments concerning resettlement. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

3. Substantial evidence supports the BIA's determination that Lubin failed to establish eligibility for CAT protection. A CAT applicant "bears the burden of establishing that [he] will more likely than not be tortured with the consent or acquiescence of a public official if removed to [his] native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). Lubin presented no evidence of past torture, and the IJ's determination that there was insufficient evidence that he would be tortured in the future by or with the acquiescence of any government is supported by the record. Lubin testified that the private individuals who attacked him remained at large, but presented no evidence that those individuals acted with the consent or acquiescence of any government. The general references to country conditions in his declaration and country reports do not compel a contrary conclusion because they lack any relation to the land disputes and criminal attacks underlying his claim.

4.　　Nor does the BIA's reference to its adverse credibility finding in the context of Lubin's CAT claim justify granting the petition.  "An adverse credibility determination is not necessarily a death knell to CAT protection."  *Shrestha v. Holder*, 590 F.3d 1034, 1048 (9th Cir. 2010).  But, if the petitioner is "found not credible, to reverse the BIA's decision we would have to find that the reports alone compelled the conclusion that [the petitioner] is more likely than not to be tortured."  *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).  The reports in this case fall far short of that high bar.

**PETITION FOR REVIEW DENIED.**