19-1574
Ye v. Garland

BIA
A077 353 715

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28ᵗʰ day of May, two thousand twenty-one.

PRESENT:
>      RAYMOND J. LOHIER, JR.,
>      RICHARD J. SULLIVAN,
>      STEVEN J. MENASHI,
>           *Circuit Judges.*

_____

CHANG JU YE,
>      *Petitioner*,

>      v.                                                19-1574
>                                                        NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>      *Respondent*.

_____

FOR PETITIONER:              John Chang, New York, NY

FOR RESPONDENT:              Bryan Boynton, Acting Assistant
                             Attorney General; Carl McIntyre,
                             Assistant Director; Aliza B.
                             Alyeshmerni, Trial Attorney,
                             Office of Immigration Litigation,
                             United States Department of
                             Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Chang Ju Ye, a native and citizen of the People's Republic of China, seeks review of a May 6, 2019 decision of the BIA, denying his third motion to reopen his removal proceedings. *In re Chang Ju Ye,* No. A077 353 715 (B.I.A. May 6, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's decision to deny Ye's third motion to reopen for abuse of discretion. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168-69 (2d Cir. 2008). In his motion to reopen, Ye asserted that conditions for Christians had worsened in China, which excused the untimely and number-barred filing of his motion and demonstrated his prima facie eligibility for asylum based on his practice of Christianity in the United States.

It is undisputed that Ye's 2018 motion was time and number-barred because it was his third motion to reopen filed more than 14 years after his removal order became final in

2003.  *See* 8 U.S.C. § 1229a(c)(7)(A), (C)(i); 8 C.F.R. § 1003.2(c)(2).  These time and number limits, however, do not apply to a motion to reopen that  "is based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." 8 U.S.C.  § 1229a(c)(7)(C)(ii);  8 C.F.R.  § 1003.2(c)(3). Nevertheless, the BIA did not err here in finding that Ye failed to establish a material change in conditions in China.

"In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below."  *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007). As the BIA found, the evidence demonstrates that the Chinese government has continuously repressed and mistreated unregistered Christian groups since before Ye's 2002 hearing. *See id.* at 257 ("Change that is incremental or incidental does not meet the regulatory requirements for late

3

motions.").

Accordingly, because the BIA reasonably concluded that Ye failed to demonstrate a material change in conditions in China, it did not abuse its discretion in denying his motion as untimely and number-barred. *See* 8 U.S.C. § 1229a(c)(7)(A), (C). Because the denial as untimely and number-barred is dispositive, we do not reach the BIA's alternative basis for denying Ye's motion, i.e., his failure to establish his prima facie eligibility for relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4