NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 19 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DANIA PASCACIO PACHECO, et al.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 22-1858

Agency Nos.
A215-818-828
A215-818-829
A215-818-830

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted December 4, 2023
Submission Vacated February 12, 2024
Resubmitted April 19, 2024
Seattle, Washington

Before: N.R. SMITH, SANCHEZ, and MENDOZA, Circuit Judges.

Dania Pascacio Pacheco and her minor children A.X.Q.P. and R.Q.P.,

natives and citizens of Mexico, petition for review of the Board of Immigration

Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") denial of their

petitions for asylum, withholding of removal, and protection under the Convention

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Against Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  "Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Rodriguez v. Holder*, 683 F.3d 1164, 1169 (9th Cir. 2012) (internal quotation marks and citation omitted).  Reviewing the BIA's factual findings for substantial evidence and its legal conclusions de novo, *see Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022), we deny the petition.

1.     The BIA did not err in finding that Pascacio Pacheco waived her challenge to the IJ's denial of relief under CAT.  A "failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question." *Zara v. Ashcroft*, 383 F.3d 927, 930 (9th Cir. 2004) (cleaned up), *abrogated in part by Santos-Zacaria v. Garland*, 143 S. Ct. 1103 (2023).  Because Pascacio Pacheco did not raise any argument to the BIA challenging the IJ's CAT determination, she has waived her claim for relief under CAT.  *See Alanniz v. Barr*, 924 F.3d 1061, 1069, fn. 8 (9th Cir. 2019).

2.     The BIA erred in finding that Pascacio Pacheco waived her challenge regarding the objective reasonableness of her fear of future persecution.  Exhaustion does not require precise legal terminology or a well-developed argument, but rather that the issue be put before the agency.  *See Martinez v. Barr*, 941 F.3d 907, 922 (9th Cir. 2019).  In her agency brief to the BIA, Pascacio

2

Pacheco explicitly raised arguments regarding her objective fear of future harm by her husband, and cited to both credible testimony and expert opinion evidence on domestic violence.

3. The BIA found that even if Pascacio Pacheco had not waived her challenge to the IJ's well-founded fear determination, Pascasio Pacheco did not meet her burden to establish that the Mexican government was unable and unwilling to protect her. *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010) (when alleging past persecution by non-government entities, a petitioner has the burden of establishing that the persecution was committed "by forces that the government was unable or unwilling to control."). The BIA's finding is supported by substantial evidence.

Substantial evidence supports the BIA's finding that country conditions evidence, including reports on domestic violence legislation in Mexico and its implementation, reflects the Mexican government's efforts to intervene in domestic violence cases. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (holding that "substantial evidence supports the agency's determination that, had [petitioner] reported her abuse, the Guatemalan government could have protected her" from her abusive ex-boyfriend even though "the State Department reports make clear that Guatemala still has a long way to go in addressing domestic violence"). Substantial evidence also supports the BIA's finding that reporting to

3

the police would not have been futile. Although "[w]hether a victim has reported or attempted to report violence or abuse to the authorities is a factor that may be considered," *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1069 (9th Cir. 2017), reporting is not required where an applicant "can convincingly establish that doing so would have been futile or have subjected h[er] to further abuse," *Ornelas-Chavez v. Gonzales*, 458 F.3d 1052, 1058 (9th Cir. 2006). Here, the record does not compel the conclusion that it would have been futile for Pascacio Pacheco to report the incidents of domestic violence to the Mexican authorities.[1] *See Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005).

**PETITION DENIED.**

---

[1] Pascacio Pacheco argues that the BIA denied her due process by not reaching her additional appellate arguments regarding past persecution, nexus, and whether her proposed particular social groups were cognizable. "As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach." *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976). Because the BIA affirmed the denial on two dispositive issues, the BIA was not required to reach Pascacio Pacheco's alternative arguments.