# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 27, 2024

Lyle W. Cayce
Clerk

———————

No. 23-60503

———————

Arlex Fernando Zelaya Rubio,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

———————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A200 221 342

———————————————————————

Before Ho, Duncan, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Arlex Fernando Zelaya Rubio, a citizen of Honduras, petitions for review of a decision of the Board of Immigration Appeals dismissing his appeal from the immigration judge's denial of asylum, withholding of removal, and protection under the Convention Against Torture. In his application, Zelaya Rubio expressed a fear that if he were returned to Honduras, he would be tortured by the squatters that killed his father,

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

because he was a family member of his father.  Because Zelaya Rubio fails to provide adequate evidence of the requisite nexus between his familial ties and future persecution, we deny this petition.

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Vazquez-Guerra v. Garland*, 7 F.4th 265, 268 (5th Cir. 2021).  Questions of law are reviewed de novo. *Id.*  The BIA's factual determination that an individual is not eligible for asylum, withholding of removal, or CAT protection is reviewed under the substantial evidence standard. *Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006).  Under that standard, the petitioner has the burden of showing that "the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 489 (5th Cir. 2015) (internal quotations omitted).

Zelaya Rubio argues that the BIA erred in finding that he had failed to show the requisite nexus between the feared persecution and the protected ground. *See Gonzales-Veliz v. Barr*, 938 F.3d 219, 224 (5th Cir. 2019); 8 U.S.C. § 1158(b)(1)(B)(i).  He asserts that his credible testimony established that his membership in a particular social group consisting of his father's family members was "one central reason" for the harm he suffered in Honduras, as he would not have been persecuted or been subject to future persecution but for his relationship to his father.

We find that the BIA correctly rejected this argument.  The squatters who killed Zelaya Rubio's father and later shot Zelaya Rubio were largely motivated by a desire to obtain land that had belonged to his father. *See Vazquez-Guerra*, 7 F.4th at 270 ("Threats or attacks motivated by criminal intentions do not provide a basis for protection.").  Furthermore, the BIA correctly observed that there was no evidence that any of his father's relatives who lived or had lived in Honduras—including Zelaya Rubio's two sons,

sister, and younger brother—had ever been harmed by the squatters following the murder of Zelaya Rubio's father. *See Ramirez-Mejia*, 794 F.3d at 493 (finding no persecution on account of family status where "other members of [the petitioner's] family, who have remained in [the petitioner's native country], have not faced persecution on the basis of their membership in the family").

In sum, Zelaya Rubio has not shown that the evidence compels the conclusion that the BIA erred in finding that there was no nexus between his feared future persecution and his membership in a PSG consisting of his father's family members, which is fatal to his claim for asylum and withholding of removal. *See Gonzalez-Veliz*, 938 F.3d at 224–25; *Chen*, 470 F.3d at 1134. Because the issue of nexus is dispositive here, we do not reach his additional arguments concerning asylum and withholding of removal. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

As for Zelaya Rubio's claim for protection under the CAT, the BIA correctly determined that his assertion that Honduran authorities failed to protect him and his father despite their requests was not supported by the record. And our court has previously said that "[g]eneralized country evidence [says] little about the likelihood state actors will torture any particular person." *Quorane v. Barr*, 919 F.3d 904, 911 (5th Cir. 2019). Accordingly, Zelaya Rubio has not shown that the evidence compels a conclusion contrary to the BIA's determination that he failed to establish his right to protection under the CAT. *See Tamara-Gomez v. Gonzales*, 447 F.3d 343, 350–51 (5th Cir. 2006).

For these reasons, we deny Zelaya Rubio's petition for review.