NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

DEC 18 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM RONALDO MINERO CHICAS; ALISSON VERALY ORANTES MINERO; A.E.M.O, a minor,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No. 23-3786<br><br>Agency Nos.<br>A220-586-378<br>A220-586-379<br>A220-586-380<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 3, 2024**
Pasadena, California

Before: SANCHEZ and DE ALBA, Circuit Judges, and ZIPPS, Chief District Judge.***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. 34(a)(2).

\*\*\* The Honorable Jennifer G. Zipps, Chief United States District Judge for the District of Arizona, sitting by designation.

Petitioner William Ronaldo Minero Chicas, a native and citizen of El Salvador, seeks review of the Board of Immigration Appeals' ("BIA") decision affirming without written opinion the Immigration Judge's ("IJ") denial of his, his wife, and their minor child's consolidated application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

When the BIA affirms the IJ's decision without written opinion, the IJ's decision becomes the final agency decision subject to this Court's review. 8 C.F.R. § 1003.1(e)(4); *Landin-Molina v. Holder*, 580 F.3d 913, 917 n.6 (9th Cir. 2009) (citing *Lanza v. Ashcroft*, 389 F.3d 917, 925 (9th Cir. 2004)). We review the Agency's factual findings regarding Petitioner's asylum, withholding of removal, and CAT protection claims for substantial evidence. *See Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022) (citing *Davila v. Barr*, 968 F.3d 1136, 1141 (9th Cir. 2020)). Under the highly deferential substantial evidence standard, the Court must uphold the Agency's determination, unless the evidence compels a contrary conclusion. *See id.*

To be eligible for asylum and withholding of removal, Petitioner must prove a causal nexus between a statutorily protected ground and past or feared future harm. *See Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023). Here, substantial evidence supports the Agency's determination that Petitioner

failed to establish the necessary nexus between the harm he fears and a protected ground, which is fatal to his application for asylum and withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 357 (9th Cir. 2017). Petitioner contends that gang members and his father targeted him for persecution on four protected grounds: his Evangelical religion and membership in three proposed social groups.

1. Substantial evidence supports the Agency's determination that Petitioner failed to establish a nexus between the harm he suffered from gang members and a protected ground. Petitioner testified that gangs targeted him because they believed he was interfering in their criminal enterprise and providing information to police and other gangs. The "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *see also Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004) (holding that random, violent criminal acts without more do not establish persecution).

2. Substantial evidence supports the Agency's finding that the abuse Petitioner suffered from his father was based on personal animosity. Petitioner testified that his father also abused his siblings and mother, who were not Evangelical. Petitioner also testified that the abuse was likely due to his close relationship with his mother. Harm caused by personal animosity does not

23-3786

constitute harm based on a protected ground. *See Molina-Morales v. INS*, 237 F.3d 1048, 1052 (9th Cir. 2001).

3. Petitioner's failure to establish a nexus between the harm he suffered and a protected ground is fatal to his applications for withholding of removal and asylum. Therefore, the Court does not address the other challenges to the Agency's denial. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.")

4. Additionally, substantial evidence supports the Agency's denial of CAT relief. Petitioner failed to establish that it is more likely than not that he or his family would be subject to future torture in El Salvador. *See* 8 C.F.R. § 1208.16(c)(2). Petitioner points to evidence that the Salvadoran government is accused of extra-judicial arrests and torture of suspected gang members. However, these fears are not a "particularized threat" to Petitioner as required for entitlement to protection under CAT. *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008); *see also Lalayan v. Garland*, 4 F.4th 822, 840 (9th Cir. 2021). Nothing in the record suggests that Petitioner is a gang member, nor that he would be targeted by the Salvadoran government for torture. *See Tamang v. Holder*, 598 F.3d 1083, 1095 (9th Cir. 2010) (protection under CAT must be based on an objective basis for the feared torture).

**PETITION FOR REVIEW DENIED**