**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FEB 7 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMIT MISHRA KUMAR,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-174

Agency No.
A216-266-072

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 3, 2025[**]
San Francisco, California

Before: McKEOWN, FORREST, and SANCHEZ, Circuit Judges.

Amit Mishra Kumar petitions for review of the Board of Immigration

Appeals' (BIA) dismissal of his appeal from the immigration judge's (IJ) denial of

his applications for asylum, withholding of removal, and relief under the Convention

Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

the petition.

Where the BIA provides its own reasoning, as it did here, "we review the BIA's decision, except to the extent it expressly adopts the IJ's decision." *Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1075–76 (9th Cir. 2020) (citation omitted). We review factual findings for substantial evidence and legal conclusions de novo. *Plancarte Sauceda v. Garland*, 23 F.4th 824, 831 (9th Cir. 2022). Under the substantial evidence standard, we will reverse a factual finding only if "'any reasonable adjudicator would be compelled to conclude to the contrary' based on the evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (en banc) (quoting *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014)).

1.      ***Asylum and Withholding of Removal.*** For purposes of asylum, an applicant bears the burden of establishing, among other things, "[past] persecution or a well-founded fear of [future] persecution." *Guo v. Sessions*, 897 F.3d 1208, 1213 (9th Cir. 2018). For withholding of removal, an applicant must demonstrate that it is "more likely than not" that he would be subject to persecution upon return to his native country. *Aden v. Wilkinson*, 989 F.3d 1073, 1085–86 (9th Cir. 2021). For both asylum and withholding, the source of the persecution must be "the government, or by forces that the government was unable or unwilling to control." *Guo*, 897 F.3d at 1213 (quoting *Baghdasaryan v. Holder*, 592 F.3d 1018, 1023 (9th Cir. 2010)).

Kumar claimed past persecution and fear of future persecution as a Hindu man

involved in an interfaith relationship with a Muslim woman in a financially strong and politically well-connected family. The IJ found that Kumar failed to prove the Indian government was or would be unable or unwilling to protect him, and the BIA affirmed. Kumar challenges this finding as not supported by substantial evidence. We disagree.

First, Kumar argues that the agency "read the record in a selective manner," highlighting instances in which the Indian government has taken affirmative steps to prevent honor killings but glossing over evidence demonstrating India's shortcomings in combatting these crimes. There is no evidence to suggest that the agency *ignored* evidence of honor killings; rather, the agency specifically acknowledged the "many instances" of harm to individuals in "inter-religion marriages or relationships" and exhibited awareness of *khap panchayat* systems and their flaws. While we do not dispute that there is competing evidence in the record on this point, the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Hussain v. Rosen*, 985 F.3d 634, 642 (9th Cir. 2021) (quoting *Go v. Holder*, 640 F.3d 1047, 1054 (9th Cir. 2011)).

Second, Kumar contends that the agency failed to consider his credible testimony that he attempted to report the assault on him and his family members to the police, but the police refused to help him and threatened to falsely imprison him

if he continued to try to report. We reject this argument because the agency did consider this testimony: as the BIA noted, the IJ "properly considered and weighed [Kumar's] testimony that the local police refused to take a report" about the assault. To the extent that this argument invites us to "independently weigh[] the evidence," we must decline. *Angov v. Lynch*, 788 F.3d 893, 900 (9th Cir. 2015) (quoting *Singh v. INS*, 134 F.3d 962, 966 (9th Cir. 1998)).

Third, Kumar argues that the IJ's conclusion rests on a "logical fallacy" because there is no evidence supporting the BIA's determination that the Indian government would be willing or able to protect a Hindu man in an interfaith relationship with a Muslim woman.[1] In making this argument, Kumar improperly attempts to shift the burden onto the Government to affirmatively prove that the Indian government would be willing or able to protect him when it is Kumar's burden to prove the opposite. *See Bringas-Rodriguez*, 850 F.3d at 1062.

Kumar does not point to any evidence in the record that compels the conclusion that he met his burden to show either past persecution or well-founded

---

[1]The Government argues that Kumar waived this argument by failing to raise it to the BIA. Although Kumar did not phrase the argument in these exact words, he argued that the Indian government was unable or unwilling to protect him as a man in a mixed-faith relationship. Therefore, we conclude that Kumar has preserved his argument on appeal. *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023) ("A petitioner need not use precise legal terminology to exhaust his claim. Nor must he provide a well developed argument.") (internal quotation marks and citation omitted).

fear of persecution. Necessarily, then, he has also failed to show that the record compels a conclusion that he is "more likely than not" to be persecuted in the future. On this dispositive element, we find no error, and we decline to address Kumar's arguments related to the other elements of his asylum and withholding of removal claims. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

2. ***CAT.*** For CAT relief, the petitioner "must show that it is 'more likely than not that . . . []he would be tortured if removed.'" *Davila v. Barr*, 968 F.3d 1136, 1144 (9th Cir. 2020) (quoting 8 C.F.R. § 208.16(c)(2)). Torture is "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official . . . or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1).

Kumar argues that we should remand for the agency to re-evaluate whether, if removed to India, he would face torture with the consent or acquiescence of an Indian politician whom Kumar testified is related to his girlfriend. The IJ concluded that the record lacked persuasive evidence demonstrating any familial relationship between the politician and Kumar's girlfriend's family, let alone the "degree or nature" of that relationship. While Kumar disputes the agency's conclusion, he does

not point to any evidence that the agency failed to consider, either of the girlfriend's family members' general political connections or of their relationship with this particular politician. Therefore, we conclude that the record does not compel the determination that the agency erred in denying Kumar's application for CAT relief.

**PETITION DENIED.**