UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2279
_____

JOSUE ROMAN SANCHEZ,

Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
(BIA-1: A204-600-853)
Immigration Judge: Adrian N. Armstrong


_____


Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
March 10, 2025
_____


Before: SHWARTZ, RESTREPO, and CHUNG, *Circuit
Judges*

(Filed: August 15, 2025)

―――――――

OPINION

―――――――

Michael G. Brucki
Law Office of Michael G. Brucki
911 N Wood Avenue
Linden, NJ 07036
        *Counsel for Petitioner*


Erik R. Quick
Jonathan A. Robbins
Yaakov M. Roth
United States Department of Justice
Office of Immigration Litigation
P.O. Box 878
Ben Franklin Station
Washington, DC 20044
        *Counsel for Respondent*

RESTREPO, *Circuit Judge*

Josue Roman Sanchez, a native and citizen of Mexico, petitions this Court for review of the denial of his applications for asylum, withholding from removal, protection under the Convention Against Torture (CAT), and cancellation of removal. The Board of Immigration Appeals (BIA) did not abuse its discretion in finding that Sanchez waived his challenges to the denial of asylum, withholding of removal, and CAT protection, rendering the claims unexhausted below and unreviewable by this Court. We also agree with the BIA

that Sanchez failed to raise a meritorious issue of law in challenging the denial of his cancellation of removal. In addition, we hold the BIA properly rejected Sanchez's Fifth Amendment due process claim. We will therefore dismiss in part and deny in part his petition for review.

I.

Sanchez was born in Mexico in 1997 and illegally entered the United States in 2000. Between June 2019 and December 2021, Sanchez was charged with an array of crimes, including arrests for assault by automobile, aggravated driving while intoxicated, theft, and drug offenses. In August and December 2021, he was convicted of driving under the influence (DUI) pursuant to Pennsylvania and New Jersey laws, respectively.

In June 2023, the Department of Homeland Security (DHS) detained Sanchez and charged him as removable under 8 U.S.C. § 1182(a)(6)(A)(i). Sanchez conceded the removability charge. In July 2023, he applied for asylum, statutory withholding of removal, and CAT protection. In January 2024, Sanchez applied for cancellation of removal under 8 U.S.C. § 1229b(b)(1).

Sanchez appeared before the Immigration Judge (IJ) for a merits hearing on March 20, 2024. Regarding the application for cancellation of removal, the IJ found that Sanchez failed to rebut the presumption that he lacked good moral character due to his DUI convictions or demonstrate that his removal would cause sufficient hardship for his wife, whom he married while in immigration detention. Deeming their testimony unnecessary, the IJ declined to have Sanchez's psychologist and wife testify as witnesses, choosing instead to rely on the

3

reports and exhibits submitted as evidence.[1]  On April 3, 2024, the IJ denied all forms of relief.

Sanchez appealed to the BIA, which dismissed the appeal on July 8, 2024. The BIA deemed waived any issue regarding the denial of his asylum, withholding from removal, and CAT protection applications.  It agreed with the IJ that the DUI convictions precluded a finding that Sanchez possessed good moral character.  It also denied Sanchez's due process claim, concluding that he was afforded a "full and fair hearing" before the IJ.  A8.  Sanchez petitioned this Court, seeking review of the denial of his application for relief.

This Court has jurisdiction to review the Agency's rulings under 8 U.S.C. § 1252(a).  Because the BIA issued a separate opinion that incorporated only some aspects of the IJ's decision, this Court must review both decisions.  *See Voci v. Gonzales*, 409 F.3d 607, 613 (3d Cir. 2005) (directing the Court to review both IJ and BIA opinions if the opinions address different aspects of the petitioner's claims).

II.

---

[1] The record included, among other things, the psychologist's thirty-page report that outlined Sanchez's mental health conditions and their linkage to his abusive use of alcohol.  The record also included a report of the physical and psychological conditions suffered by his wife, including her diagnoses of depression, anxiety, and polycystic ovarian syndrome. In addition to the reports, the record included several letters from Sanchez's counselors, wife, family, and friends discussing his participation in rehabilitation and counseling.

First, the BIA did not abuse its discretion in deeming Sanchez's claims for asylum, withholding of removal, and CAT protection waived. Because Sanchez failed to exhaust these claims before the BIA, we lack jurisdiction to review them now.

We may review final orders of removal "only if . . . the [petitioner] has exhausted all administrative remedies available to the [petitioner] as of right." 8 U.S.C. § 1252(d)(1). To fully exhaust administrative remedies, a petitioner must challenge the IJ's determinations denying relief in its appeal to the BIA. *Lin v. Att'y Gen.*, 543 F.3d 114, 120–21 (3d Cir. 2008); *see also Abdulrahman v. Ashcroft*, 330 F.3d 587, 594–95 (3d Cir. 2003) (petitioner must "raise . . . each claim or ground for relief" before the BIA). Even issues raised before the BIA may be deemed waived and precluded from review if a petitioner fails to "meaningfully challenge[]" an IJ's decision. *Uddin v. Att'y Gen.*, 870 F.3d 282, 287–88 (3d Cir. 2017). We review the BIA's waiver determinations for an abuse of discretion. *See id.* at 288. If deeming a claim waived was a proper act of discretion, the petitioner has not exhausted all available remedies, and the claim may not be reviewed by this Court.

Here, the IJ barred Sanchez's asylum application because it was filed in 2023, twenty-three years after he first arrived in the United States and therefore well past the one-year deadline. 8 U.S.C. § 1158(a)(2)(B). The IJ rejected Sanchez's argument that changed conditions in Mexico either justified the delay in filing or qualified as an exception to the one-year time limit under 8 U.S.C. § 1158(a)(2)(D). On appeal to the BIA, Sanchez did not challenge the barring of his asylum application, either in his notice of appeal or in his brief to the BIA. Because the BIA did not abuse its discretion in finding

5

this claim waived, it is unreviewable on appeal.[2] *Uddin*, 870 F.3d at 288; *see also Zheng v. Gonzales*, 422 F.3d 98, 107–08 (3d Cir. 2017).

For the withholding claim, the IJ concluded that Sanchez failed to show that it was more likely than not that he would face persecution based on his identity as an Americanized Mexican, or that he had faced past persecution in Mexico. For the CAT claim, the IJ found Sanchez failed to demonstrate that he faced a personalized risk of torture as an Americanized Mexican, or that officials in Mexico would acquiesce to any such torture. As with his asylum claim, the BIA did not abuse its discretion in ruling that Sanchez failed to meaningfully challenge the IJ's determinations, by not raising the issue in the notice of appeal or his briefing, and thereby waived any claim of error. We will thus not review these withholding and CAT claims on appeal. *See Santos-Zacaria v. Garland*, 598 U.S. 411, 416, 423 (2023) (holding, subject to waiver and forfeiture principles, § 1252(d)(1) allows a court to

---

[2] To the extent Sanchez asserts the IJ failed to consider the "other serious harm" he would face if removed to Mexico, *see* AR 11-14 (Pet. Br. before the BIA); Pet. Br. at 36-28, and does so in an effort to seek a humanitarian asylum claim, it fails because he did not establish past persecution, a necessary element for such a claim. *See* 8 C.F.R. § 1208.13(b)(1)(iii)(A)-(B); *Al-Fara v. Gonzales*, 404 F.3d 733, 740 (3d Cir. 2005) (holding that, because an applicant failed to establish past persecution, his claim for humanitarian asylum also failed). Thus, the BIA correctly rejected his claim for humanitarian asylum.

review final immigration orders only after administrative remedies are fully exhausted).[3]

We will thus dismiss Sanchez's petition as to these claims.

## III.

Regarding the denial of Sanchez's application for cancellation of removal, the BIA agreed with the IJ's conclusion that his "multiple drunk driving [] convictions preclude him from establishing the requisite good moral character." A8. Because we conclude that substantial evidence supports the BIA's determination that Sanchez lacked good moral character to avail himself of cancellation of removal, we will deny the petition.

To qualify for cancellation of removal, 8 U.S.C. § 1229b(b)(1) requires the removable individual to show, *inter alia*, that he "has been a person of good moral character" during at least a ten-year continuous period within the United States. *See* 8 U.S.C. § 1229b(b)(1)(A-B).[4] Multiple DUI

---

[3] Even if we were to entertain the claims raised before this Court, we would conclude that the IJ properly found Sanchez was not entitled to relief. Before the IJ, Sanchez did not provide any proof beyond mere speculation that he would be subjected to torture or persecution on account of being an Americanized Mexican upon removal to Mexico.

[4] Section 1229b(b)(1)(A-D) allows for cancellation of removal if the individual:

convictions during the ten-year statutory period of § 1229b "are strong evidence that an alien lacked good moral character

> (A) has been physically present in the United States for a continuous period of not less than 10 years immediately preceding the date of such application;
>
> (B) has been a person of good moral character during such period;
>
> (C) has not been convicted of an offense under section 1182(a)(2), 1227(a)(2), or 1227(a)(3) of this title, subject to paragraph (5); and
>
> (D) establishes that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.

The BIA did not address Sanchez's additional claim under 8 U.S.C. § 1229b(1)(D) that his United States citizen wife would suffer exceptional and extremely unusual hardship upon his removal. The IJ determined that Sanchez did not demonstrate she would suffer hardship beyond what would ordinarily result from a relative's removal. We need not address this hardship determination because the good moral character determination is dispositive. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

during that time and is thus not eligible for cancellation of removal." *In re Castillo-Perez*, 27 I. & N. Dec. 664, 669 (A.G. 2019). Yet *Castillo-Perez* established a "rebuttable presumption" of a lack of such character, allowing the removable person to present "substantial relevant and [] contrary evidence" that he "had good moral character even during the period within which he committed the DUI offenses" and that the offenses "were an aberration." *Id.* at 665, 671.

The IJ found that Sanchez failed to rebut the presumption that he lacked good moral character where his four DUI arrests occurred in three states over the course of 19 months and "were exacerbated by motor vehicle accidents with other cars, high blood alcohol content, [and] driving at high rates of speed." AR 66. On appeal to the BIA, Sanchez argued that he could have rebutted that presumption had he been allowed to present his wife and psychologist as witnesses at his merits hearing.

Generally, we have jurisdiction to review constitutional claims and questions of law but not the judgments denying discretionary relief from removal, including decisions regarding cancellation of removal under 8 U.S.C. § 1229b(b). 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Patel v. Garland*, 596 U.S. 328, 347 (2022). In *Wilkinson v. Garland*, the United States Supreme Court determined that the question of whether an applicant demonstrated "exceptional and extremely unusual hardship" for purposes of establishing eligibility for cancellation of removal was judicially reviewable because it was a "mixed question of law and fact," that required an IJ to apply factual findings to a legal standard. 601 U.S. 209, 221, 225 (2024) (*Wilkinson I*). By contrast, in *Patel*, the Court held that factual determinations, including those involving witness

9

credibility, are not reviewable. 596 U.S. at 334, 340. Like the hardship standard in *Wilkinson I* and unlike the factual determinations in *Patel*, the good moral character standard is an "application of a legal standard to undisputed or established facts," and thus, reviewable. *See Wilkinson I,* 601 U.S. at 221 (quoting *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 234 (2020)). We review the good moral character determination under a substantial evidence standard. *See Wilkinson v. Att'y Gen.*, 131 F.4th 134, 138–40 (3d Cir. 2025) (applying the substantial evidence standard to the "exceptional and extremely unusual hardship" determination) (*Wilkinson II*). Sanchez was convicted of multiple DUI offenses between 2019 and 2021 in multiple states. His scholastic achievements and rehabilitative efforts are insufficient to rebut the presumption that he did not have good moral character, because the record shows that the DUI convictions were not an "aberration" given their frequency of his convictions. A8 (BIA's Op.); AR 67 (IJ's Op.), 199, 201, 341. Accordingly, substantial evidence supports the determination that Sanchez did not demonstrate good moral character to qualify for cancellation of removal.

To the extent Sanchez is raising a legal argument that he was deprived the opportunity to present witnesses to rebut the presumption, in violation of his due process rights, we join the BIA in rejecting this claim. *See Serrano-Alberto v. Att'y Gen.*, 859 F.3d 208, 213 (3d Cir. 2017) (explaining that the Fifth Amendment guarantees an individual in removal proceedings the opportunity to be meaningfully heard and reasonably present their case). The BIA properly concluded that Sanchez did not establish how his wife's and psychologist's testimony would have rebutted the IJ's finding, or that they would have provided information not already contained in the report and

10

statements submitted as exhibits. For this reason, Sanchez failed to prove that he suffered substantial prejudice, which is fatal to his Fifth Amendment claim. *See id.*; *see also Bonhometre v. Gonzalez*, 414 F.3d 442, 448 (3d Cir. 2008) (explaining that due process claim requires a showing of substantial prejudice). Because we agree no legal error occurred, we will deny the petition for review regarding the denial of his cancellation of removal.

Because the claim regarding the denial of Sanchez's cancellation of removal application necessarily addresses the merits of his due process claim, we need not address the alleged Fifth Amendment violation except to reiterate that he failed to prove he suffered substantial prejudice. Sanchez's failure to establish that the exclusion of his wife's and psychologist's testimony before the IJ caused him prejudice is dispositive of his constitutional claim. *Jarbough v. Att'y Gen.*, 483 F.3d 184, 192 (3d Cir. 2007) (citing *Singh v. Gonzales,* 432 F.3d 533, 541 (3d Cir. 2006)).

## IV.

For the above reasons, we will therefore dismiss in part and deny in part the petition for review.