23-7067
Guallpa-Arcos v. Bondi

BIA
Drucker, IJ
A216 904 583/584

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand twenty-five.

PRESENT:
  RAYMOND J. LOHIER, JR.,
  WILLIAM J. NARDINI,
  EUNICE C. LEE,
   *Circuit Judges.*

_____

CAROLINA ELIZABETH GUALLPA-ARCOS, E. A.L.-G.,
  *Petitioners,*

  v.       **23-7067**
           **NAC**

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
  *Respondent.*\*

_____

\* The Clerk of Court is directed to amend the caption as set forth above.

_____

**FOR PETITIONERS:**   Sanjay Chaubey, Esq., New York, NY.

**FOR RESPONDENT:**   Brian M. Boynton, Principal Deputy Assistant Attorney General; Jennifer Levings, Assistant Director; Stephanie L. Groff, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Carolina Elizabeth Guallpa-Arcos and her child, natives and citizens of Ecuador, seek review of an August 14, 2023 decision of the BIA affirming a March 16, 2022 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Carolina Elizabeth Guallpa-Arcos, et al.*, Nos. A216 904 583/584 (B.I.A. Aug. 14, 2023), *aff'g* Nos. A216 904 583/584 (Immig. Ct. N.Y. City Mar. 16, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified by the BIA, that is, without reference to the IJ's past persecution finding and the CAT

claim that the BIA found had been waived. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *see also Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) (requiring exhaustion of issues before the BIA). "We review the agency's factual findings . . . for substantial evidence" and "legal conclusions *de novo*." *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 141 (2d Cir. 2008). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). With that standard in mind, we conclude that the agency did not err in finding that Guallpa-Arcos failed to establish her eligibility for asylum or withholding of removal based on her claim that an unknown man threatened her on account of her membership in the particular social groups of unmarried Ecuadorian mothers and single Ecuadorian women living alone without spousal support.

An applicant for asylum and withholding of removal has the burden to demonstrate past persecution or a well-founded fear or likelihood of future persecution "on account of race, religion, nationality, membership in a particular social group, or political opinion"; to constitute persecution, the harm must be inflicted by the government or by private parties that the government is "unable or unwilling to control." *Pan v. Holder*, 777 F.3d 540, 543 (2d Cir. 2015) (quotation

3

marks omitted); *see also* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A). The agency reasonably found that Guallpa-Arcos did not establish a nexus between the threats she received and the harm she fears and her membership in the proposed social groups: her testimony showed that the man who threatened her was motivated by his interest in a relationship with her specifically rather than by her membership in a particular group of women. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) ("To succeed on a particular social group claim, the applicant must establish . . . that the alleged persecutors targeted the applicant on account of her membership in that group . . . ." (quotation marks omitted)); *Quituizaca v. Garland*, 52 F.4th 103, 114–15 (2d Cir. 2022) ("A protected ground cannot be 'incidental' or 'tangential' to another reason for harm."); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 482–83 (1992) (providing that an asylum applicant "must provide *some* evidence of [the persecutors' motives], direct or circumstantial").

Because Guallpa-Arcos did not satisfy her burden of showing a nexus to a protected ground, the agency did not err in denying asylum and withholding of removal. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3). Accordingly, we do not reach its alternative findings. *See INS v. Bagamasbad*, 429 U.S. 24, 25

(1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED.   All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court