NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CATHERIM AYNAYANQUE
CACERES; VICTOR ARIZAGA
DIAZ; YORDY AYNAYANQUE; LUANA
AYNAYANQUE,

Petitioners,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3648

Agency Nos.
A246-149-286;
A246-146-497;
A246-145-884;
A246-150-487

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2025**
San Francisco, California

Before: NGUYEN and BRESS, Circuit Judges, and BENNETT, District Judge.***

Petitioners Victor Armando Arizaga-Diaz, his wife, Catherim Yesica

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Richard D. Bennett, United States District Judge for the District of Maryland, sitting by designation.

Aynayanque-Caceres, and their two minor children (collectively, "Petitioners") are natives and citizens of Peru. Petitioners seek review of a decision by the Board of Immigration Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of their applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Guerra v. Barr*, 974 F.3d 909, 911 (9th Cir. 2020) (internal quotation marks and citation omitted). We review legal questions de novo and factual findings for substantial evidence. *Gonzalez-Rivera v. I.N.S.*, 22 F.3d 1441, 1444 (9th Cir. 1994). We review de novo determinations of whether a particular social group ("PSG") is cognizable. *Perdomo v. Holder*, 611 F.3d 662, 665 (9th Cir. 2010). We review for substantial evidence factual findings underlying whether an applicant was persecuted on account of a protected ground. *Rodriguez Tornes v. Garland*, 993 F.3d 743, 750 (9th Cir. 2021).

1. Petitioners waived their challenge to the IJ's finding that they lacked a cognizable PSG. As Arizaga-Diaz worked as a driver and merchandise distributor in Peru, Petitioners attempted to raise a new PSG—delivery drivers—for the first

time before the BIA. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Petitioners also failed to provide meaningful analysis as to why their three original PSGs were legally cognizable. *See id.* Even if Petitioners' proposed PSGs were cognizable, substantial evidence supports the IJ's determination that there was no nexus between the alleged harm and a protected ground. The extortionists were motivated solely by money, and the dispute with the neighbor involved a personal issue. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *see also Singh v. Barr*, 935 F.3d 822, 827 (9th Cir. 2019) (a finding of no nexus between the harm and a protected ground precludes claims for both asylum and withholding of removal).

2. Petitioners claim that the BIA used the incorrect legal standard and erred in not considering additional arguments. However, the BIA correctly applied de novo review when reviewing the IJ's nexus determination, 8 C.F.R. § 1003.1(d)(3)(ii), and considered all dispositive issues, *Immigr. & Naturalization Serv. v. Bagamasbad*, 429 U.S. 24, 25 (1976).

3. Petitioners raise additional arguments in their petition that were not considered by the BIA, such as Petitioners' well-founded fear of future persecution and their ability to reasonably relocate in Peru. We decline to consider these

issues. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (quotation marks and citation omitted)).

4. Petitioners fail to advance substantive arguments about why substantial evidence does not specifically support the agency's denial of CAT relief. As such, Petitioners have "waived any argument as to [their] CAT claim by failing to 'specifically and distinctly' discuss the matter in [their] opening brief." *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (citation omitted). Regardless, substantial evidence supports the denial of CAT relief because Petitioners have not demonstrated they are more likely than not to be tortured if returned to Peru.

**PETITION DENIED.**