**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 25-1101**

_____

RUFINO ARNOLDO BAUSTISTA IBANEZ,

Petitioner,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

_____

On Petition for Review of An Order of the Board of Immigration Appeals.

_____

Submitted:  February 26, 2026                    Decided:  March 17, 2026

_____

Before DIAZ, Chief Judge, and WILKINSON and WYNN, Circuit Judges.

_____

Petition denied by unpublished per curiam opinion.

_____

**ON BRIEF:**  Manuel Rivera, Arlington, Virginia, for Petitioner.  Brett A. Shumate, Assistant Attorney General, Kohsei Ugumori, Senior Litigation Counsel, Nelle Seymour, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rufino Arnoldo B. Ibanez, a native and citizen of Guatemala, petitions for review of the order of the Board of Immigration Appeals ("Board") upholding the immigration judge's ("IJ") denial of Ibanez's application seeking asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Finding no reversible error, we deny the petition for review.

In his application, Ibanez claimed that he was physically attacked and threatened by members of the Mara 18 gang as a consequence of his father conducting a fraudulent visa business. At the hearing, Ibanez testified that on two occasions, gang members approached him and demanded that he return money his father had taken; when Ibanez told the perpetrators he did not have the money, they physically attacked him. Ibanez also described receiving threatening calls from the gang members, including death threats. Ibanez testified that he never reported the attacks to the police because he believed the police would not help. This belief was based on Ibanez's neighbor being killed after the neighbor's wife reported the gang to police, though Ibanez also testified that the neighbor was killed for not paying a bribe to the gang members. At the time of the attacks, Ibanez lived with his father. Shortly after the second attack, Ibanez and his wife relocated to his in-laws' house in a different part of Guatemala for two years before Ibanez came to the United States. During those two years, he did not receive any threats.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a). The INA defines a "refugee" as a person unwilling or unable to return to his native country "because of persecution or a

2

well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). "The asylum-seeker bears the burden of demonstrating [his] refugee status," and must demonstrate a well-founded fear of persecution on account of a protected ground because of a threat by the government or by an organization the government is unable or unwilling to control. *Velasquez v. Sessions*, 866 F.3d 188, 193-94 (4th Cir. 2017); *see* 8 C.F.R. § 1208.13(a), (b)(1), (2). "[W]ithholding of removal covers a narrower . . . set of circumstances than asylum." *Ni v. Holder*, 613 F.3d 415, 427 (4th Cir. 2010). "The applicant must demonstrate a clear probability of persecution." *Id.* (citation modified). Because of the higher evidentiary threshold, "'an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal.'" *Id.* (quoting *Camara v. Ashcroft*, 378 F.3d 361, 367 (4th Cir. 2004)).

"[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Legal issues are reviewed *de novo*. *Tinoco Acevedo v. Garland*, 44 F.4th 241, 246 (4th Cir. 2022). The agency decision that an alien is not eligible for asylum is "conclusive unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D).

The IJ concluded that, even if the harm Ibanez experienced amounted to torture, he failed to show that the Guatemalan government was unable or unwilling to protect him because he did not file a police report and country condition evidence showed that the Guatemalan government was taking steps to address this type of crime. The Board agreed that Ibanez had not established that the Guatemalan government was unable or unwilling

3

to protect him. Though Ibanez testified he did not file a police report because he believed the police would not protect the people of his community, ultimately, his failure to report the threats and assaults to authorities denied the government the opportunity to offer protection. We therefore find no reversible error in the Board's rejection of Ibanez's asylum claim. The Board's dispositive finding that Ibanez failed to show the Guatemalan government was unable or unwilling to control private gang members renders further analysis of his proposed particular social group unnecessary. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). And because Ibanez's asylum application fails, his withholding of removal application necessarily fails as well. *See Ni*, 613 F.3d at 427.

"To succeed on a CAT claim, an applicant must show that it is more likely than not that he or she would be tortured in the country of removal." *Herrera-Martinez v. Garland*, 22 F.4th 173, 185 (4th Cir. 2022) (citation modified). "Torture is (1) any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person in a manner that is (2) by or with the consent or acquiescence of a public official or other person acting in an official capacity." *Id*. (citation modified). "The agency's factual findings—including its predictions about the likelihood of future mistreatment and government acquiescence—are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Ponce-Flores v. Garland*, 80 F.4th 480, 484 (4th Cir. 2023) (citation modified).

4

The IJ concluded that Ibanez failed to show that he was unable to relocate within Guatemala, as he had previously relocated to his in-laws' house for two years. The IJ also determined, based on the country condition reports, that Ibanez failed to show the government would consent or acquiesce to future torture if he were removed to Guatemala. The Board determined that Ibanez failed to meaningfully challenge the IJ's predictive future torture finding. We have reviewed the record and conclude that the evidence does not compel a ruling contrary to the relevant administrative factual findings and that substantial evidence supports the denial of relief. *See Nasrallah v. Barr*, 590 U.S. 573, 584 (2020).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*