# United States Court of Appeals
# for the Fifth Circuit

––––––––––––––

No. 25-60244
Summary Calendar

––––––––––––––

United States Court of Appeals
Fifth Circuit

**FILED**
March 27, 2026

Lyle W. Cayce
Clerk

Jessica Raquel Cordova-Almendares,

*Petitioner,*

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent.*

––––––––––––––––––––––––––––––––––––

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A201 785 964

––––––––––––––––––––––––––––––––––––

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Petitioner Jessica Raquel Cordova-Almendares, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals ("BIA") dismissing her appeal from an immigration judge's ("IJ") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). She now challenges the denial of

––––––––––––––––––––

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60244

asylum and withholding of removal, asserting *inter alia* that she demonstrated past harm amounting to past persecution and a well-founded fear of future persecution.

When, as here, the BIA adopts and affirms an IJ's decision, we may review both decisions. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Questions of law are reviewed de novo. *Munoz-De Zelaya v. Garland*, 80 F.4th 689, 693 (5th Cir. 2023) (per curiam). We review a factual determination by the BIA that an individual is not eligible for asylum or withholding of removal under the substantial evidence standard. *Id.*

Cordova-Almendares has not shown that the past harm she experienced "reflect[s] the kind of pattern of sustained pursuit that persecution requires." *Gjetani v. Barr*, 968 F.3d 393, 398 (5th Cir. 2020). She points to one incident of armed men confronting her in her home and threatening violence against her and her son, but her alleged persecutors' threats lack the requisite immediacy to constitute persecution. *See Qorane v. Barr*, 919 F.3d 904, 910 (5th Cir. 2019). Notwithstanding the fact that those men passed by her home again after the initial incident, Cordova-Almendares testified that there had been no further contact in the weeks that followed prior to her departure from Honduras. The record does not indicate that those men are still looking for her, nor has she shown that relocation within Honduras to avoid persecution would be unreasonable. Her family, whom she testified did not receive any similar threats of harm, still remain in Honduras. Therefore, she has failed to show that the agency erred in determining that she did not demonstrate a well-founded fear of future persecution. *See Munoz-Granados v. Barr*, 958 F.3d 402, 407–08 (5th Cir. 2020); *Cruz v. Barr*, 929 F.3d 304, 309–10 (5th Cir. 2009).

Because either past persecution or a well-founded fear of future persecution is an essential element of an asylum claim, Cordova-Almendares

2

No. 25-60244

cannot establish eligibility for asylum or withholding of removal. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 436 (5th Cir. 2020); *Majd v. Gonzales*, 446 F.3d 590, 595 (5th Cir. 2006). Neither need we consider her remaining arguments regarding those forms of relief. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) (per curiam).

Cordova-Almendares's petition for review is DENIED.